**Bonnie Allen-Sailer,** OSB #145178
bonnie@nwjp.org
**Corinna Spencer-Scheurich,** OSB #130147
corinna@nwjp.org
Northwest Workers' Justice Project
812 SW Washington St, Suite 225
Portland, OR  97205
Telephone: (503) 525-8454
Facsimile: (503) 946-3029

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **EDNIRA MONTOYA**, **JOSE FLORES** and **ALEJANDRO MONTES**, individuals,<br><br>Plaintiffs,<br><br>v.<br><br>**ROSE CITY TAQUERIA LLC**, a domestic limited liability company, **PNW Eats, LLC**, a domestic limited liability company, and **VERENICE MENDOZA**, an individual,<br><br>Defendants. | Civil No.: 3:21-cv-1889<br><br>COMPLAINT<br><br>Fair Labor Standards Act (29 U.S.C. §§ 201 *et seq*.), Oregon Wage and Hour Laws, Oregon Unlawful Employment Practices<br><br>DEMAND FOR JURY TRIAL |

## I. INTRODUCTION

1. Ednira Montoya, Jose Flores, and Alejandro Montes ("Plaintiffs") bring this

action against Rose City Taqueria LLC, PNW Eats, LLC, and Verenice Mendoza (collectively,

"Defendants"), under the Fair Labor Standards Act (29 U.S.C. §§ 201 *et seq*., "FLSA") to collect

unpaid wages. Plaintiffs seek overtime wages due to them under 29 U.S.C. §§ 207 and 216(b),

and liquidated damages for the failure to pay wages under 29 U.S.C. § 216(b). Plaintiff Flores

PAGE 1 - COMPLAINT

also alleges minimum wage violations under 29 U.S.C. § 206.

2. Plaintiffs allege unpaid wages, overtime violations, and penalty damages under Oregon wage and hour laws O.R.S. §§ 652.140, 652.150, 652.200, 653.055, and 653.261. Plaintiff Flores alleges minimum wage violations under O.R.S. § 653.025 and damages under O.R.S. §§ 652.195 and 30.701.

3. Plaintiffs also seek damages for employment discrimination and retaliatory termination under 29 U.S.C. §§ 215(a)(3) and 216(b) and O.R.S. §§ 652.355, 653.060, 659A.199, and 659A.885 for exercise of their legal rights under FLSA and Oregon law.

## II. JURISDICTION

4. Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b), as this action arises under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*; 28 U.S.C. § 1331, as this action arises under the laws of the United States, and 28 U.S.C. § 1337, as it arises under acts of Congress regulating commerce.

5. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction of the claims based on Oregon law, as they are so related to claims within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

## III. PARTIES

6. Plaintiffs Ednira Montoya, José Flores, and Alejandro Montes are natural persons who were employed to perform labor at Rose City Taqueria, a restaurant in Portland, Oregon, in Multnomah County.

7. Defendant Rose City Taqueria LLC is a domestic limited liability company. Its principal place of business is the Rose City Taqueria restaurant in Portland, Oregon, in

Multnomah County.

8. Defendant PNW Eats, LLC, is a domestic limited liability company. Its principal place of business is the Rose City Taqueria restaurant in Portland, Oregon, in Multnomah County.

9. Defendant Verenice Mendoza is a natural person. She is a member of Rose City Taqueria LLC and PNW Eats, LLC. She is a resident of Multnomah County.

## IV. FACTS

10. Defendants operate a restaurant in North Portland called Rose City Taqueria ("the Restaurant").

11. Defendants employed Plaintiffs to provide cooking and cashier services at the Restaurant.

12. The Restaurant had a least $500,000 in sales or business done in 2021.

13. The Restaurant had a least $500,000 in sales or business done in 2020.

14. The Restaurant had a least $500,000 in sales or business done in 2019.

15. The Restaurant had a least $500,000 in sales or business done in 2018.

16. The Restaurant regularly serves customers from other states.

17. The Restaurant regularly orders supplies or ingredients from other states. Plaintiffs were responsible for ordering those supplies and ingredients and preparing and serving food using those supplies and ingredients.

18. During each workweek during the course of Plaintiffs' employment at the Restaurant, Plaintiffs were each employed in interstate commerce or in the production of goods for interstate commerce or were employed by an enterprise engaged in commerce.

19. During the course of Plaintiffs' employment at the Restaurant, Defendants

PAGE 3 - COMPLAINT

supervised and assigned tasks to Plaintiffs and otherwise exercised control over the Plaintiffs' work.

20. During the course of Plaintiffs' employment at the Restaurant, Defendants determined the rate and method of paying Plaintiffs and otherwise control Plaintiffs' employment conditions.

21. During the course of Plaintiffs' employment with Defendants, Defendant Mendoza acted directly and indirectly in the interest of Defendants Rose City Taqueria and PNW Eats in relation to Plaintiffs, including by assigning and supervising Plaintiffs' work and making decisions regarding Plaintiffs' pay.

22. During the course of Plaintiffs' employment with Defendants, Defendant Mendoza paid Plaintiffs using the Restaurant's business accounts as well as her own personal checking account.

23. Defendant Mendoza employed Plaintiffs as an individual.

24. During the course of Plaintiffs' employment at the Restaurant, Defendant PNW Eats took over operation of the Restaurant from Defendant Rose City Taqueria. In doing so, it acquired the Restaurant's assets, liabilities, and employees.

25. Defendant PNW Eats is a successor in liability to Defendant Rose City Taqueria.

26. Defendants jointly employed Plaintiffs.

27. Defendants employed Plaintiff Ednira Montoya as a cashier for multiple time periods. The most recent time period was from in or around December 2018 to September 7, 2021.

28. Defendants employed Plaintiff José Flores as a cook from in or around November 2019 to September 7, 2021.

29. Defendants employed Plaintiff Alejandro Montes as a cook from in or around 2012 to September 7, 2021.

30. For their work in the Restaurant, Plaintiffs each received an hourly wage. Over time, they received periodic wage increases.

31. When Plaintiff Montoya's employment with Defendants was terminated, her hourly wage was $15.

32. When Plaintiff Flores's employment with Defendants was terminated, his hourly wage was $17.

33. Plaintiff Flores received a monthly payment of $500 to supplement his hourly wage. With this payment included, his average hourly wage was approximately $18.81.

34. When Plaintiff Montes's employment with Defendants was terminated, his hourly wage was $16.

35. Plaintiffs typically worked six or seven days each week for Defendants, though some weeks they would work less.

36. Plaintiff Montoya typically worked between 50 and 55 hours each week for Defendants.

37. Plaintiff Flores typically worked between 60 and 65 hours each week for Defendants.

38. Plaintiff Montes typically worked between 50 and 55 hours each week for Defendants.

39. Among other pay periods, during the two-week pay period of August 16, 2021, to August 31, 2021, Plaintiff Montoya worked approximately 115 hours for Defendants, including approximately 21 hours of overtime.

40. For her work during the weeks of August 16, 2021, to August 31, 2021, Plaintiff Montoya received approximately $1,725 in wages at an hourly rate of $15 per hour.

41. Including overtime premiums, Plaintiff Montoya was entitled to approximately $1,880 in wages for the pay period from August 16, 2021, to August 31, 2021.

42. Among other pay periods, during the two-week pay period of August 16, 2021, to August 31, 2021, Plaintiff Flores worked approximately 141 hours for Defendants, including approximately 43 hours of overtime.

43. For his work during the weeks of August 16, 2021, to August 31, 2021, Plaintiff Flores received approximately $2,392 in wages at an hourly rate of $17 per hour. He also received a monthly payment of $500 that month, of which $250 was attributable to that pay period. His total wages for that pay period were thus $2,642.

44. Including overtime premiums, Plaintiff Flores was entitled to approximately $3,047 in wages for the pay period from August 16, 2021, to August 31, 2021.

45. Among other weeks, from November 2, 2020, to November 8, 2020, Plaintiff Montes worked approximately 55 hours for Defendants, including approximately 15 hours of overtime.

46. For his work during the week of November 2, 2020, to November 8, 2020, Plaintiff Montes received approximately $885 in wages at an hourly rate of $16 per hour.

47. Including overtime premiums, Plaintiff Montes was entitled to approximately $1,005 in wages for the pay period from November 2, 2020, to November 8, 2020.

48. Plaintiffs regularly worked in excess of 40 hours per week in the Restaurant for Defendants.

49. Defendants regularly failed to compensate Plaintiffs at a rate of time and one half for every hour worked over 40.

50. Defendants knew of or recklessly disregarded their obligation to pay overtime premiums under federal and state law.

51. Plaintiff Flores worked approximately 130 hours during the pay period from June 16, 2021, to June 30, 2021.

52. On or about July 5, 2021, Defendants issued a check for $2,946 to Plaintiff Flores for wages and tips for work performed during the pay period from June 16, 2021, to June 30, 2021.

53. Shortly thereafter, Plaintiff Flores was notified by his bank that the July 5, 2021, check had been returned for insufficient funds.

54. Plaintiff Flores's bank charged him a fee of $12 due to the July 5, 2021, check being returned for insufficient funds.

55. Plaintiff Flores informed Defendants that the check had been returned for insufficient funds.

56. Plaintiff Flores was not paid for the work for which the July 5, 2021, check was intended to compensate him.

57. Plaintiff Flores received no wages for the approximately 130 hours he worked during the pay period from June 16, 2021, to June 30, 2021.

58. Plaintiff Flores was paid less than the federal and Oregon minimum wages for the hours he worked for Defendants from June 16, 2021, to June 30, 2021.

59. Defendants' failure to pay Plaintiff Flores the federal and Oregon minimum wages for all hours worked was willful.

60. Plaintiffs were typically paid on the fifth and twentieth day of each month.

61. Beginning in or around September 2020, Plaintiffs frequently received their pay late or with checks that were returned for insufficient funds.

62. These late payments made it difficult for Plaintiffs to pay rent and other bills on time.

63. Plaintiffs did not receive their regular paychecks on September 5, 2021.

64. Plaintiffs did not receive their paychecks on September 6, 2021, either.

65. Plaintiffs complained to Defendant Mendoza that they had not received their pay.

66. Defendant Mendoza promised to pay Plaintiffs the following day, September 7, 2021.

67. On or around September 7, 2021, Plaintiffs together demanded that Defendant Mendoza pay them their unpaid wages.

68. Defendant Mendoza threatened to terminate Plaintiffs if they did not drop their complaint about unpaid wages and begin or resume working immediately.

69. When Plaintiffs continued to press Defendant Mendoza for their unpaid wages, Defendant Mendoza terminated Plaintiffs on or around September 7, 2021.

70. Throughout Plaintiffs' employment with Defendants, Defendant Mendoza made comments about bad things happening to anyone who tried to sue her.

71. Some of Defendant Mendoza's comments negatively referenced other workers' immigration status and warned that those workers should be careful and should not do anything against her.

72. After Plaintiffs' were terminated, Defendant Mendoza told them that if they were thinking of trying to sue her, they should think again. Defendant Mendoza threatened to sue

Plaintiffs if they tried to sue her.

73. As a result of Defendants' conduct as alleged herein, Plaintiffs suffered lost wages, emotional distress, anxiety, and pain and suffering.

74. Defendants did not promptly pay Plaintiffs their wages after their termination.

75. Defendants' nonpayment of wages upon termination was willful.

76. Plaintiffs received paychecks for their final week of work on or around September 20, 2021, 13 days after they were terminated. However, those paychecks did not include their complete wages including overtime premiums or other previously unpaid wages.

77. Plaintiffs, through their attorney, sent Defendants a letter on December 15, 2021, complaining of violations of state and federal wage and hour law and requesting payment of the wages Plaintiffs were due, including the wages paid to Plaintiff Flores by check with insufficient funds.

78. Defendants received Plaintiff's letter on or about December 18, 2021.

79. To date, Defendants have failed to pay Plaintiffs all their wages.

## V. CLAIMS FOR RELIEF

### (First Claim—Violation of FLSA)

80. Defendants violated 29 U.S.C. § 206 when they failed to pay Plaintiff Flores the minimum wage rate for all the hours worked.

81. Defendants violated 29 U.S.C. § 207 when they failed to pay all the Plaintiffs overtime wages for work performed for Defendants in excess of forty hours per work week.

82. Pursuant to 29 U.S.C. § 216(b), Plaintiffs are entitled to recover unpaid minimum wages and overtime wages, equal amounts as liquidated damages, and attorney fees and costs.

**(Second Claim – Violation of Oregon Minimum Wage and Overtime Laws)**

83. Defendants failed to pay Plaintiff Flores at the Oregon minimum hourly rate for all hours worked in violation of O.R.S. § 653.025.

84. Defendants failed to pay all the Plaintiffs at a rate of time and one half for overtime hours in violation of O.R.S. § 653.261 and its implementing regulations.

85. Plaintiffs are entitled, under O.R.S. § 653.055, to recover the unpaid wages, penalty damages in an amount equal to 240 times their hourly wage rate, and reasonable attorney fees and costs for non-payment of minimum and overtime wages.

**(Third Claim – Payment of Wages Using Dishonored Checks)**

86. Defendants violated O.R.S. § 652.195(1) when it issued a dishonored check for payment of wages to Plaintiff Flores.

87. Plaintiff Flores is entitled, under O.R.S. § 30.701, to recover the amount for which the check was drawn and statutory damages equal to the greater of $100 or triple the amount for which the checks were drawn, but not exceeding by more than $500 the amount of which the checks were drawn, plus reasonable attorney fees and costs.

**(Fourth Claim – Violation of Oregon Timely Payment of Wages Law)**

88. Defendants failed to pay Plaintiffs all of their wages when due upon termination of their employment within the time specified in O.R.S. § 652.140.

89. Plaintiffs are entitled, under O.R.S. § 652.150, to recover penalty damages in an amount equal to 240 times their hourly wage rate, plus reasonable attorney's fees and costs, for Defendants' failure to pay Plaintiffs' wages upon termination.

**(Fifth Claim – Violation of FLSA's Retaliation Protections)**

90. Plaintiffs made complaints under or related to their rights under FLSA when they

complained about not being paid their wages for work completed during the last two weeks of August 2021.

91.     Defendants violated 29 U.S.C. § 215(a)(3) by terminating Plaintiffs because they complained of a violation of their FLSA rights.

92.     Pursuant to 29 U.S.C. § 216(b), Plaintiffs are entitled to such legal or equitable relief as may be appropriate to effectuate the purpose of section 215(a)(3), including without limitation the payment of wages lost, an additional equal amount as liquidated damages, compensatory damages, and reasonable attorney fees and costs.

**(Sixth Claim – Violation of Oregon Wage Claim Retaliation Protections)**

93.     Plaintiffs made a wage claim when they complained about not being paid their wages for work completed during the last two weeks of August 2021.

94.     Defendants violated O.R.S. § 652.355 by terminating Plaintiffs because they made a wage claim.

95.     Plaintiffs are entitled, under O.R.S. § 659A.885, to such legal or equitable relief as may be appropriate to effectuate the purposes of O.R.S. § 652.355, including, without limitation, compensatory or statutory damages, injunctive relief, and any other equitable relief that may be appropriate, including but not limited to back pay and reasonable attorney fees and costs.

**(Seventh Claim – Violation of Oregon Wage and Hour Retaliation Protections)**

96.     Plaintiffs inquired about their rights and/or reported or complained about a violation of their minimum wage and overtime rights when they complained about not being paid their wages for work completed during the last two weeks of August 2021.

97.     Defendants violated O.R.S. § 653.060 by terminating Plaintiffs because they

inquired, reported, or complained about a violation of their wage and hour rights.

98.     Plaintiffs are entitled, under O.R.S. § 659A.885, to such legal or equitable relief as may be appropriate to effectuate the purposes of O.R.S. § 653.060, including, without limitation, compensatory or statutory damages, injunctive relief, and any other equitable relief that may be appropriate, including but not limited to back pay and reasonable attorney fees and costs.

## (Eighth Claim – Violation of Oregon Whistleblower Protections)

99.     Plaintiffs believed that a law, rule, or regulation required their employer to promptly pay the wages they were due.

100.    Plaintiffs in good faith reported information they believed was a violation of state or federal law, rule, or regulation when they complained to Defendants about not receiving their pay when it was due.

101.    Defendants violated O.R.S. § 659A.199 by terminating Plaintiffs because they reported information in good faith that they believed was a violation of a state or federal law, rule or regulation.

102.    Plaintiffs are entitled, under O.R.S. § 659A.885, to such legal or equitable relief as may be appropriate to effectuate the purpose of O.R.S. § 659A.199, including, without limitation, compensatory or statutory damages, injunctive relief, and any other equitable relief that may be appropriate, including but not limited to back pay and reasonable attorney fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court grant the following relief:

1.      Award Plaintiffs their unpaid overtime wages pursuant to 29 U.S.C. § 207 and

liquidated damages pursuant to 29 U.S.C. § 216(b);

    2.    Award Plaintiff Flores his unpaid minimum wages pursuant to 29 U.S.C § 206 and liquidated damages pursuant to 29 U.S.C. § 216(b);

    3.    Award Plaintiffs their unpaid overtime wages pursuant to Oregon overtime law, O.R.S. § 653.261;

    4.    Award Plaintiff Flores his unpaid minimum wages pursuant to Oregon minimum wage law, O.R.S. § 653.025;

    5.    Award Plaintiffs penalty wages in the amount of 240 times Plaintiffs' hourly wage pursuant to O.R.S. § 653.055, for unpaid minimum and overtime wages;

    6.    Award Plaintiff Flores the amount for which the July 5, 2021, dishonored check was drawn and civil penalties of triple the amount, but not exceeding $500 more than the amount of the dishonored check pursuant to O.R.S. § 30.701.

    7.    Award Plaintiffs penalty wages in the amount of 240 times Plaintiffs' hourly wage pursuant to O.R.S. § 652.150, for failure to pay wages timely;

    8.    Award Plaintiffs such legal or equitable relief as may be appropriate to effectuate the purposes of 29 U.S.C. 215(a)(3), including, without limitation, the payment of wages lost and an additional, equal amount as liquidated damages, and compensatory damages;

    9.    Award Plaintiffs compensatory or statutory damages, injunctive relief, and any other equitable relief as the Court finds appropriate to compensate them for unlawful discrimination pursuant to O.R.S. §659A.885;

    10.    Find that Plaintiffs are the prevailing party and award Plaintiffs reasonable attorneys' fees and costs under 29 U.S.C. § 216(b) and O.R.S. §§ 652.150, 652.200, 653.055, and 659A.885;

11. Award Plaintiffs pre-judgment interest on sums due under state law claims and post-judgment interest on all claims; and

12. Award Plaintiffs such other relief as this Court deems just and proper.

Respectfully submitted this 31st day of December, 2021.

/s/ Bonnie Allen-Sailer
**Bonnie Allen-Sailer**, OSB #145178
(503) 525-8454
Attorney for Plaintiffs